# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRYANT,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAN DIEGO COUNTY SHERIFF DEPT., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 18-cv-01267-BAS-BGS<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS** |

On June 13, 2018, Plaintiff Vincent Bryant, a pretrial detainee at the San Diego Central Jail and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

Plaintiff claims the San Diego Sheriff's Department and several Sheriff's Department officials violated his constitutional rights in May and June 2018 by refusing to provide him with grievance forms with which to request dietary accommodations during Ramadan and by later placing him in segregation without providing him a hearing. (*See* Compl. at 2-3.) Plaintiff seeks nominal damages, to be "restored" to his original housing unit and to participate in a "properly mandated grievance program." (*Id.* at 4.)

1

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner at the time of filing, as Plaintiff is here, and even if he is granted leave to commence his suit IFP, he will remain obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is dismissed for any other reason. *See* 28 U.S.C. § 1915(b)(1), (2*); Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400.00 in filing and administrative fees required to commence this civil action, nor has he filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action *sua sponte* for failure to pay the $400.00 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a). Plaintiff may **no later than August 30, 2018**: (a) prepay the entire $400.00 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his prison trust account statements for the six-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*

*Pauperis*."[1] If Plaintiff fails to either prepay the $400.00 civil filing fee or fully complete and submit the enclosed Motion to Proceed IFP **no later than August 30, 2018**, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

DATED: July 16, 2018

Hon. Cynthia Bashant
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400.00 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400.00 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").